JOHN McDOUGAL, Respondent, *v.* RICHARD ROMAN, Appellant.

The "Act requiring the treasurer to retain certain moneys," approved January 27th, 1852, does not affect money in the treasury, prior to its approval.

In a suit for a *mandamus* against the treasurer, the judgment for costs was reversed, and the judgment for a *mandamus* affirmed, with costs.

Judgment may be affirmed as to the *mandamus*, and reversed as to the costs.

APPEAL from the District Court of the Sixth Judicial District, for Sacramento County.

McDougal filed his petition, stating himself to be the holder and owner of a State warrant, dated January 30th, 1852, drawn by the Comptroller on the State Treasury, for the payment of $1220 to the plaintiff, out of the general fund, not otherwise appropriated by law; and averring that on the said 30th of January, the plaintiff presented the warrant to Roman, then and still State Treasurer, who had in his hands sufficient moneys of the general fund otherwise unappropriated by law, but refused payment; to the injury of the plaintiff, and for which he had no plain, speedy, and adequate remedy in the ordinary course of law, and therefore praying a writ of mandamus requiring the defendant to pay the warrant, and for general relief.

The defendant answered, admitting the presentation of the warrant, and refusal to pay, as alleged; and that the defendant, as treasurer, received, on the 26th of January, 1852, and still had in his hands, moneys pertaining to the general fund, to the amount of about $10,800: but insisting that by "an act requiring the Treasurer to retain certain moneys," approved January 27th, 1852, it was his duty to retain said moneys until the appropriation thereof should be prescribed by law.

The court, on the hearing, awarded a peremptory *mandamus*, requiring the defendant to pay the warrant; and gave judgment against him for costs. The defendant appealed. The case was submitted without argument.

PER CURIAM. The law of January 26th, 1852, did not take effect until the 27th, the date on which it received the approval

of the Governor; and does not, in its operation, affect any money in the hands of the Treasurer before the 27th. Such money must be paid according to the provisions of law. So much of the judgment of the Court below as gives costs against the Treasurer, must be reversed. The judgment for a peremptory *mandamus* is affirmed, with costs.